# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| Plaintiff, | : CASE NO. 1:18-CR-109 |
| | : |
| v. | : JUDGE COLE |
| | : |
| **ANDREY SHUKLIN, et al.,** | : **GOVERNMENT MOTION TO AMEND THE COURT'S RESTITUTION PROCEDURES FOR THIS CASE AND CONTINUE RESTITUTION DETERMINATION** |
| Defendants. | |

The United States respectfully submits this motion to amend the Court's current restitution order for this case and continue determination of restitution for the Defendants in this matter until conclusion of the case for the reasons set forth in the following memorandum.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/ Matthew C. Singer*
MATTHEW C. SINGER (IL 6297632)
MEGAN GAFFNEY PAINTER (NY 4849220)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385

**MEMORANDUM OF LAW**

The Defendants in this case have been charged with conspiring to participate in a criminal Enterprise that defrauded, extorted, and stole from customers who hired the Enterprise to move their household goods. The Court previously entered an Order governing restitution that was designed to ensure that all of the victims of the Enterprise would receive full restitution. Specifically, the current procedure contemplates entry of a non-final restitution order at sentencing that would potentially be amended through a final restitution order upon conclusion of the case. (Dkt. 168 (Order Regarding Payment of Restitution).) For the reasons set forth below, the Government respectfully requests that the Court amend those procedures to defer any restitution order for all Defendants for a single determination after the last Defendant is sentenced.

**I.    PROCEDURAL BACKGROUND**

On July 25, 2018, the grand jury charged twelve Defendants with participating in a conspiracy through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). The grand jury found the Defendants, through thirteen different corporate entities located throughout the country (referred to collectively as "the affiliated companies"), constituted a criminal "Enterprise" as defined in 18 U.S.C. § 1961(4). (Dkt. 3 (Indictment)). The grand jury concluded that, from 2013 until the Indictment in 2018, the Defendants conspired to participate in the Moving Enterprise by, among other things, falsely inflating cubic footage of household goods, extorting customers into paying more for moves then holding goods hostage when the extortive price was not paid, and reincarnating into affiliated companies after customer complaints to further the conspiracy and induce new customers to hire the Enterprise.

Of the twelve defendants, three have plead guilty and been sentenced (Defendants Iakovlev, Pestereanu, and Nezat); four have plead guilty and await sentencing (Defendants

1

Quincoces, Martin, Kariaka, and Shuklin); the government is in plea negotiations with Defendant Kalonov; and Defendant Verlan is scheduled for trial on April 5, 2022.[1]

At the sentencing of Defendant Iakovlev, the Court initially ordered restitution but followed up with a written Order governing restitution going forward. (Doc. 168.) Referencing the numerous victims in this case and the particularized nature of the restitution owed to each, the Court set forth a restitution procedure going forward in an attempt to "balanc[e] the interest of the victims, while avoiding needless delay in sentencing those defendants who have taken responsibility." (*Id*. at PageID 870.) Specifically, the Court would impose a preliminary, non-final restitution amount based on the Government's evidence on the date of sentencing but then "defer identification of the victims, and the precise amount owed to each, until the conclusion of the case. . . . at which time a final restitution award will be imposed, in the specific amount of each victim's loss." (*Id*. at PageID 872).

The Court subsequently sentenced Defendant Pestereanu and Defendant Nezat. At both hearings, with the respective Defendant's agreement, the Government proposed deferring determination of the non-final restitution amount until a more specific number could be determined. And in each case, the Court ordered the Defendants jointly and severely liable for restitution but deferred setting a specific amount for 90 days following the hearing. (*See* Dkt. 197, 198 (Pestereanu), Dkt. 220, 221 (Iakovlev)).

---

[1] Three defendants are fugitives and believed to be overseas.

2

## II. DISCUSSION

The Government now asks that the Court amend the procedure for determining restitution to defer determination of any restitution amount for each Defendant until the last Defendant is sentenced.

Title 18, United States Code, Section 3664(d)(5) states that, if victim losses are not ascertainable ten days before sentencing, "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). The Supreme Court has characterized the 90-day period in § 3664(d)(5) as a "time-related directive" that is "legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed." *Dolan v. United States*, 560 U.S. 605, 611 (2010). As a result, a sentencing court may order restitution outside the 90 days where the court "made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Id*. at 608; *see id*. at 609 (sentencing hearing three months after 90-day period passed). The Court based its reasoning, in large part, on the importance of "imposing restitution upon those convicted of certain federal crimes" and because "the statute seeks primarily to ensure that victims of a crime receive full restitution." *Id*. at 612. As the Court explained, "the Act's efforts to secure speedy determination of restitution is *primarily* designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability." *Id*. at 613 (emphasis in original).

The Supreme Court has since applied *Dolan* in other contexts and, in doing so, recognized the realities inherent in ordering restitution in certain cases:

> Sentencing courts are required to impose restitution as part of the sentence for specified crimes. But the amount to be imposed is not always known at the time of sentencing. When that is the case, the court may enter an initial judgment imposing certain aspects of a

3

> defendant's sentence, such as a term of imprisonment, while deferring a determination of the amount of restitution until entry of a later, amended judgment.

*Manrique v. United States*, 137 S. Ct. 1266, 1270 (2017).

Relying on *Dolan*, appellate courts affirm restitution orders outside the 90-day period when necessary to ensure full restitution for victims. *See, e.g., United States v. Harris*, 813 F. App'x 710, 713 (2d Cir. 2020) (affirming restitution order entered fifteen months after sentencing where court indicated prior to expiration of 90-day period that restitution was ordered and left open only the amount); *United States v. Muzio*, 757 F.3d 1243, 1245–46 (11th Cir. 2014) (affirming $631,976.06 restitution order 127 days after the sentencing hearing); *United States v. Gushlak*, 728 F.3d 184, 189, 191–92 (2d Cir. 2013) (district court authorized to enter restitution order eighteen months after sentencing); *see also United States v. Williams*, 612 F.3d 500, 512–14 (6th Cir. 2010) (noting in dicta that "perhaps [the district court] should have . . . defer[ed] issuing restitution applicable to [defendants] until more complete information could be obtained"). Further, district courts routinely order restitution outside this period when justice requires. *See, e.g., United States v. Pierce*, 12-CR-340, 2021 WL 3722743, at *3 (S.D.N.Y. Aug. 23, 2021) (ordering restitution after 90-day period because defendant should not keep "ill-gotten gains from a fraudulent conspiracy for which she was convicted"); *United States v. Johnson*, 1:18-cr-00214-DCN, 2021 WL 1950017, at *1 (D. Idaho May 14, 2021) (finding that *Dolan* provided the court "authority to order restitution in this case even though the restitution hearing fell outside of the 90-days"); *United States v. Harder*, 3:12-cr-485-SI, 2021 WL 3287578, at *4–5 (D. Or. Aug. 2, 2021) (ordering over $79 million in restitution after five-and-a-half-year delay); *United States v. Wilson*, 6:14-cr-00028-GFVT, 2020 WL 5412976, at *2-3 (E.D. Ky. Sept. 9, 2020) (ordering two

4

defendants pay restitution jointly and severally with third defendant five years after sentencing of all defendants).

Here, this Court's prior restitution order acknowledged that determining restitution would be difficult in this case. (Dkt. 168 (referencing identification of thousands of victims with more coming forward).) Indeed, based on the length of time the Enterprise operated, the number of customers who hired the Enterprise to move goods, and the systemic nature of the criminal activities, many customers who have not been identified were possibly victims of the conspiracy. But locating victims and receiving the details necessary to substantiate a loss has proven difficult, particularly given the passage of time and the number of possible victims. To date, 600 people have registered on the Victim Notification System, and a subset of those have submitted restitution amounts with supporting documentation, which the government relies on for submitting restitution requests to the Court.

In an effort to reach more possible victims, the government recently moved for use of the Department of Justice's notification system operated through the Mega Victim Case Assistance Program to provide broader reach than that offered by this District's local identification system, which the Court granted. (Dkt. 219.) Following further outreach by the District's Victim Witness Program, the U.S. Attorney's Office and the Probation Office have been contacted recently by a number of victims who have submitted specific loss amounts. Processing these new requests is ongoing and will take time. Further, the government believes that additional victims will likely come forward with the media attention generated by the upcoming trial.

Currently, the Court's procedures state that it will order a non-final restitution amount at sentencing but defer identification of victims and the precise amount owed to each until conclusion of the case, at which point a final restitution order would be entered by the Court. (Dkt. 168 at

5

PageID 872.) The government respectfully requests that the Court amend the current procedures to defer determination of any restitution amount until the last Defendant[2] has been sentenced in this matter—or at least until after the upcoming trial. Adopting this approach will allow the government and probation to process recently received restitution requests and allow additional victims to come forward with restitution claims.

The approach will also prevent non-final restitution orders from being entered, obviating the need to amend the judgments of previously sentenced Defendants to account for new victims who come forward or need additional time to gather materials. This is important given that the Defendants are jointly and severally liable for the loss caused by other co-conspirators such that the restitution for all Defendants should be the same. In addition, given the individualized nature of each victim's restitution claim and the numerous victims seeking restitution, a substantive hearing may be necessary to resolve any potential objections to certain restitution claims. And because the number of recent victim submissions suggests that restitution claims will continue to increase, entering a final restitution number for each Defendant at the conclusion of the case seems more appropriate than entering a non-final number at or around sentencing for each Defendant—which again, given the complexities mentioned above, may require a separate hearing for each—with the understanding that the restitution amount will be amended down the road. Simply put, the government respectfully submits that a single restitution hearing at the conclusion of the case would be more effective and efficient.

---

[2] The government's references to the "last Defendant" refer to the last Defendant sentenced who is currently in federal custody; *i.e.*, the proposed procedure does not contemplate waiting to sentence Defendants who are currently fugitives.

Finally, the proposed amended procedures will put the Defendants on notice at sentencing that restitution is required while also "ensur[ing] that victims of a crime receive full restitution"—the "primar[y]" purpose of the restitution statute. *Dolan*, 560 U.S. at 612.

The Government has discussed the issue with the Probation Officer working on this matter, and the Probation Officer agrees with this approach. Further, the government has reached out to counsel for Defendant Nezat and Defendant Pestereanu and neither objects to this request.

### III.  CONCLUSION

For these reasons, the Government asks the Court to amend the restitution order by deferring the restitution order for Defendants Pestereanu and Nezat until after the last Defendant is sentenced; and, for the remaining Defendants to be sentenced, order restitution at sentencing and then defer determination of the restitution amount until after the last Defendant is sentenced.

        Respectfully submitted,

        KENNETH L. PARKER
        United States Attorney

        *s/ Matthew C. Singer*
        MATTHEW C. SINGER (IL 6297632)
        MEGAN GAFFNEY PAINTER (NY 4849220)
        Assistant United States Attorneys
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202
        Office: (513) 684-3711
        Fax: (513) 684-6385

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court's CM/ECF System this 14th day of January 2022, which provides electronic notice to all parties.

*s/ Matthew C. Singer*
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorney