United States District Court
Southern District of Ohio
Western Division

United States,

      Plaintiff,

  v.

Serghei Verlan,

      Defendant.

Case No. 1:18-cr-109 (2)

District Judge Douglas R. Cole

Defendant Verlan's Memorandum in Opposition to the Government's Motion to Apply Monies Held by the Federal Bureau of Investigation for Payment of Restitution Judgment

The United States has filed a motion seeking to apply funds which were seized from Mr. Verlan as partial payment of any restitution which he may ultimately owe in this case. (Doc. 283) As argued below, Mr. Verlan submits that the government's motion is premature and the statute which it relies upon is inapplicable at this time given the procedural posture of this case.

<u>Memorandum in Opposition</u>

The government bases its motion upon 18 U.S.C. § 3613 - "Civil remedies for satisfaction of an unpaid fine" and specifically subsection (a) which reads, in pertinent part, as follows:[1]

> **Enforcement.**--The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined …

---

[1] Subsection (f) of that statute later similarly extends the authority granted in that section to "… the enforcement of an order of restitution."

The government further relies upon § 3613(c) for the proposition that, "Once the Court enters judgment in a criminal case, a lien arises in favor of the United States against all of a Defendant's real and personal property." (Doc. 283, p. 2)  But therein lies the rub.  No such order or judgment has yet been issued in this case.  This Court docketed its judgment in this case on December 19, 2022. (Doc. 279)  That judgment imposed neither a fine nor an order of restitution.  While a subsequent order may change that posture, the prospective likelihood of a future act does not grant authority beyond that granted by the plain language of a statute.

Section § 3613, and the authority it confers upon the government, is predicated upon the existence of duly executed order of judgment for payment of either a fine or restitution.  No such judgment currently exists in this case.  The government's position as to what is "anticipated" is not relevant.  Were that the case, the government could assert its lien upon the filing of an indictment based upon its anticipation that a conviction and order of judgment were sure to be forthcoming.  Such a result is contrary to the plain language of the statute.

Wherefore, Mr. Verlan respectfully requests that the government's motion be denied at this time.

          Respectfully submitted,

          Paul M. Laufman (0066667)
          LAUFMAN NAPOLITANO, LLC
          4310 Hunt Road
          Cincinnati, OH  45242
          (513) 621-4556
          (513) 621-5563 Fax
          plaufman@LN-lawfirm.com
          *Counsel for Defendant Serghei Verlan*

Certificate of Service

  I hereby certify that a copy of the foregoing pleading was electronically filed on the 22nd day of February 2023. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

                      Paul M. Laufman